# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALLISON MCDADE,[1]

          Appellant,

       v.

DEPARTMENT OF THE NAVY,

          Agency.

DOCKET NUMBER
DC-0752-13-0981-I-1

DATE: June 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Allison McDade, Virginia Beach, Virginia, pro se.

Tracey Rockenbach, Esquire, Washington Navy Yard, D.C., for the agency.

Jacquelyn Wright, Esquire, Port Hueneme, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a)(1), this appeal was part of two consolidations. *Naval Facilities Engineering Command, Mid-Atlantic (Norfolk) 1 v. Department of the Navy*, MSPB Docket No. DC-0752-14-0158-I-1; *Naval Facilities Engineering Command, Atlantic (Norfolk) v. Department of the Navy*, MSPB Docket No. DC-0752-14-0146-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2     On May 30, 2013, the agency issued a Notice of Proposed Furlough informing the appellant, an Attorney, that she would be furloughed for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DoD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 1 at 7-9. The appellant submitted a written reply to the proposal notice. IAF, Tab 6 at 13-14. By written notice dated June 28, 2013, the agency's deciding official informed the appellant that she would be furloughed as outlined in the proposal notice. IAF, Tab 1 at 10-12. The record

includes evidence reflecting the appellant's furlough on 6 discontinuous days between July 8, 2013, and September 27, 2013. IAF, Tab 6 at 5-11.

¶3    The appellant filed a Board appeal challenging the agency's action and she requested a hearing. IAF, Tab 1 at 1-6. She alleged that the agency violated her due process rights and committed harmful error and a prohibited personnel practice. *Id.* at 5; IAF, Tab 8 at 5-6. In a furlough procedures order, the administrative judge informed the appellant that her appeal had been consolidated with the appeals of similarly situated employees. *Naval Facilities Engineering Command, Atlantic (Norfolk) v. Department of the Navy*, MSPB Docket No. DC-0752-14-0146-I-1, Consolidated Appeal File (0146-I-1 CAF), Tab 1. The administrative judge realigned her appeal with a different group of similar furlough appeals. *See* 0146-I-1 CAF, Tab 6.

¶4    After holding a hearing, the administrative judge issued an initial decision affirming the furlough action. *Naval Facilities Engineering Command, Mid-Atlantic (Norfolk) 1 v. Department of the Navy*, MSPB Docket No. DC-0752-14-0158-I-1, Consolidated Appeal File (0158-I-1 CAF), Tab 13, Initial Decision (ID) at 2, 17. He found that the agency's furlough was a reasonable management solution to the shortage of funds caused by sequestration and that the agency implemented the furlough in a fair and even manner. ID at 4-9, 17. He also found that the appellant did not prove a violation of due process or her other affirmative defenses. ID at 9-17.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency established that the appellant was furloughed for cause that promotes the efficiency of the service.

¶6    In her petition for review, the appellant argues that the agency did not establish a credible reason for the furlough because "the Command (NAVFAC Midlant) and the Department of the Navy both operated at a surplus at the end of

the fiscal year." PFR File, Tab 1 at 5. She contends that, "[c]learly, funds were available to pay appellant's salary." *Id.* She further asserts that the furlough action was "fundamentally arbitrary." *Id.*

¶7    A furlough is the placing of an employee in a temporary status without duties and pay because of a lack of work or funds or other nondisciplinary reasons. 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. Furloughs of 30 days or less, as here, are reviewable under the "efficiency of the service" standard found in 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). An agency satisfies the efficiency of the service standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it, and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Id.*, ¶ 8.

¶8    The administrative judge considered the appellant's arguments, but found that the agency established its cited reason for the furlough, a shortage of funds for the Department of Defense (DOD), by a preponderance of the evidence. ID at 4, 6. The appellant does not provide evidence to dispute the agency's position that the DOD faced a budgetary deficit because of sequestration. As noted by the administrative judge, it is not unreasonable for the DOD to consider its budget circumstances holistically rather than isolating individual military departments or their subcomponents. ID at 6; *see Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014). Thus, the administrative judge properly found that, despite the relatively sound fiscal situation of the Department of the Navy (Navy), the DOD's budget deficit established a valid reason for the furlough. *See* ID at 5-6. To the extent the appellant argues that the agency should have allocated any surplus funds towards avoiding the furlough, the Board has held that its efficiency of the service determination does not encompass agency spending decisions per se, including spending on personnel matters. *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 11 (2014). Such matters belong to the judgment of

agency managers, who are in the best position to decide what allocation of funding will best allow the agency to accomplish its mission. *Id.*

¶9      The administrative judge also considered the appellant's argument that her position had adequate funding because it was paid from working capital funds, but did not find it persuasive.  ID at 11-12; *see* IAF, Tab 8 at 6-7.  The Board has held that, even if an appellant's working capital fund were exempt from a sequestration order, the Board would still need to consider whether the furlough was a reasonable management solution to the financial restrictions placed upon the agency.  *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 13-15 (2015).  The appellant has not persuaded us that the administrative judge erred in his assessment of the financial restrictions placed on the agency or in his conclusions that the furlough was a reasonable management solution to these restrictions and that the furlough was applied in a fair and even manner.  Thus, we find that the administrative judge properly affirmed the agency's furlough action.

### The administrative judge properly found that the appellant failed to establish a due process violation.

¶10     In contesting the administrative judge's determination that the agency did not violate the appellant's right to due process, the appellant argues that the "Deciding Official lacked independent authority and did not furnish Appellant with all reasonably and timely requested information."  PFR File, Tab 1 at 4.  She elaborates that the deciding official was not objective because "the Secretary of Defense directed furloughs."  *Id.*  She further claims that the deciding official "never responded to her specific questions," which "indicates his lack of consideration AND also deprived Appellant of a meaningful examination of the complete record upon which the decision was based."  *Id.*

¶11     Here, 5 U.S.C. §§ 7512(5) and 7513(a) create a legitimate claim of entitlement to retention in a pay status, and thus a property interest, that conditions placement of an employee in a temporary status without duties and pay

on such cause as will promote the efficiency of the service. *Gajdos*, [121 M.S.P.R. 361](#), ¶¶ 13-14. Having found that the appellant has a property interest at stake in this case, the question remains as to what process is due, and whether the procedure that the agency applied satisfied the mandates of due process. *Id.*, ¶ 14.

¶12     Due process is a flexible concept that calls for such procedural protections as the particular situation demands. *See, e.g.*, *Gilbert v. Homar*, [520 U.S. 924](#), 930-32 (1997); *Buelna v. Department of Homeland Security*, [121 M.S.P.R. 262](#), ¶¶ 16, 19 (2014); *Gajdos*, [121 M.S.P.R. 361](#), ¶ 18. In this case, the agency provided the appellant with 7 days to respond orally and/or in writing to the deciding official before deciding her furlough, and the record shows that this was a meaningful and adequate opportunity to respond. IAF, Tab 1 at 8. Thus, it is clear that the agency afforded the appellant predeprivation notice and a meaningful opportunity to respond, which is clearly sufficient. *See Gajdos*, [121 M.S.P.R. 361](#), ¶¶ 14, 18; *see also Cleveland Board of Education v. Loudermill*, [470 U.S. 532](#), 546 (1985); *Ronso v. Department of the Navy*, [122 M.S.P.R. 391](#), ¶ 13 (2015).

¶13     The administrative judge considered the appellant's claims and found that the deciding official possessed the independent authority to consider the appellant's request for exemption and change the outcome of the furlough. ID at 10. He further found that due process does not require that the deciding official address in the decision letter each of the appellant's concerns raised in her reply to the proposed notice. ID at 15. The appellant does not provide evidence or argument to dispute the administrative judge's findings. Accordingly, the agency afforded the appellant minimum due process. *See Gajdos*, [121 M.S.P.R. 361](#), ¶¶ 17-25.

<u>The administrative judge properly found that the appellant failed to establish harmful procedural error.</u>

¶14      Although we find no due process violation, we still must determine whether the agency committed a harmful procedural error.  *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377-78 (Fed. Cir. 1999) (observing that, in addition to the right to due process, "[p]ublic employees are . . . entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure"); *see also Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 9 (2015).  Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision."  An appellant bears the burden of proving, by preponderant evidence, that the agency committed harmful error in reaching its decision.  *Pumphrey*, 122 M.S.P.R. 186, ¶ 10; 5 C.F.R. § 1201.56(b)(2)(i)(C).  A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Pumphrey*, 122 M.S.P.R. 186, ¶ 10; 5 C.F.R. § 1201.4(r).

¶15      In her reply to the proposal notice, the appellant objected to the notice's "vague discussion of other, similarly situated employees" and requested further information on other DOD civilian attorneys in order to determine whether her treatment was "fair and/or in accordance with merit systems principles."  IAF, Tab 6 at 13-14.  The agency complied with the Office of Personnel Management's required procedures for a notice of proposed action by providing the appellant with access to review supporting materials and time off to prepare a reply to the proposal notice.  *See* IAF, Tab 1 at 7-9; *see also* 5 C.F.R. § 752.404(b).  The proposal notice also explained the reasons for selecting the appellant for furlough.  IAF, Tab 1 at 7; *see* 5 C.F.R. § 752.404(b)(2).  The administrative judge relied on the deciding official's testimony and the record in finding that any error the agency made by allegedly not providing the requested information to the

appellant was harmless because the deciding official concluded that there were no similarly situated employees. ID at 14. The appellant has not identified a procedure the agency has violated or provided evidence or argument to contest the administrative judge's finding. Her statement that she was harmed by lost wages and leave does not amount to harmful procedural error. *See* PFR File, Tab 1 at 4-5; *see also* 5 C.F.R. § 1201.4(r).

¶16        Further, the fact that the decision notice may not have addressed all of the appellant's specific arguments in her reply does not mean that they were not considered or that the agency committed harmful procedural error. *See, e.g.*, *Salo v. Department of Defense*, 122 M.S.P.R. 417, ¶ 9 (2015) (noting that the appellant did not identify any regulatory, statutory, or judicially imposed requirement that the agency must specifically address all arguments raised in a response to a proposal notice, and concluding that the appellant did not show that any alleged error likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error). The administrative judge's finding that the deciding official's declaration and hearing testimony established his consideration of the appellant's reply is supported by the record. ID at 10; *see* 0158-I-1 CAF, Tab 11 at 7 (declaration), Tab 12, Hearing Compact Diskette (20:02-20:52).

¶17        The administrative judge also considered the appellant's argument that the agency violated its own policies by not assigning attorneys within her supervisory chain as her proposing and deciding officials. ID at 12-14. The administrative judge found that the General Counsel of the Navy's memorandum validly delegated authority to individuals to serve as deciding officials for the office's attorneys. ID at 13; *see* 0158-I-1 CAF, Tab 9 at 9-10. He further found that, although the proposal notice predated the memorandum, such error was harmless because the appellant did not prove that it was likely that the outcome would have been different with a proposing official consistent with the policies. ID at 13-14.

¶18    The appellant has not provided a reason to disturb the administrative judge's finding that the General Counsel's memorandum properly delegated furlough authority to the deciding official.  Even assuming that the agency violated its policies by appointing a proposing official outside of the appellant's supervisory chain, she did not establish that the agency's error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *See Pumphrey*, 122 M.S.P.R. 186, ¶ 10; *see also* 5 C.F.R. § 1201.4(r).  Specifically, she did not prove that the same deciding official was likely to have reached a different decision on the proposed furlough action had the agency appointed a proposing official consistent with its policies, or that it was likely that such a proposing official would not have proposed the appellant's furlough.  *Cf. Goeke and Bottini v. Department of Justice*, 122 M.S.P.R. 69, ¶¶ 14-23 (2015) (finding that the agency's belated substitution of a proposing official from management, rather than from the members of the rank-and-file attorneys, violated its own internal disciplinary process and rules and constituted harmful procedural error).  Accordingly, we agree with the administrative judge's finding that the appellant failed to prove her harmful error claim.

The administrative judge properly found that the appellant failed to establish that the agency committed a prohibited personnel practice by violating merit system principles 5 and 8.

¶19    The appellant argues that the agency's furlough action cannot be sustained because it violates merit system principles.  PFR File, Tab 1 at 4-5.  She argued below that the furlough action violated the merit system principles codified at 5 U.S.C. § 2301(b)(5) and (b)(8)(A), and thus cannot be sustained under 5 U.S.C. § 2302(b)(12).  IAF, Tab 1 at 5, Tab 8 at 5-6.  The administrative judge considered the appellant's arguments and found that she failed to prove that the agency committed a prohibited personnel practice.  ID at 15-17.  The appellant does not provide any evidence or argument on review to contest the

administrative judge's finding. Based on our review of the record, we discern no reason to disturb the administrative judge's well-reasoned finding. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.